

**ORDERED in the Southern District of Florida on April 9, 2014.**

Robert A. Mark, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                          Case No. 13-25168-RAM
                                                                Chapter 13
RONALD A. DIAZ,
SSN: xxx-xx-9946
ROSA ESMERALDA MAYORGA,
SSN: xxx-xx-4821

        Debtors.
_____/

**ORDER GRANTING DEBTORS' MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN HELD BY BANK OF AMERICA, N.A. ON REAL PROPERTY**

THIS CASE came to be heard on April 8, 2014, at 9:00 o'clock a.m. on the Debtor's Motion to Value and Determine Secured Status of Lien on Real Property Held by Bank of America, N.A. [ECF No. 61] (the "Motion"). Based upon the Debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

    A.    The value of the debtor's real property (the "Real Property") located at 1730 SW 87 Ct., Miami, Florida 33165-7837, and more particularly described as

LOT 7, IN BLOCK 11, OF CORAL PARK ESTATES SECTION ONE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 65, PAGE 86, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Folio No. 3040090051980

is $152,220 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of the Lender is $189,633.20.

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0.00, Lender's mortgage recorded on July 14, 2004, at OR Book 22484, at Page 0612, in the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of

such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Peter Spindel, Esq.
Attorney for Debtors
Peter Spindel, Esq., PA
P.O. Box 166245
Miami, Florida 33116-6245
Telephone: (305) 279-2126
Facsimile:  (305) 279-2127
peterspindel@gmail.com

Attorney Peter Spindel is directed to immediately mail a copy of this Order to all creditors and interested parties and file a certificate of service with the Clerk of Court.

3425.1301
\diazRonald3.ord